1   Andrew D. Skale (SBN 211096)
    adskale@mintz.com
2   Samuel D. Sazer (SBN 313037)
    sdsazer@mintz.com
3   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    3580 Carmel Mountain Road, Suite 300
4   San Diego, CA 92130
    Telephone:  (858) 314-1500
5   Facsimile:  (858) 314-1501

6   Kara M. Cormier (*pro hac vice forthcoming*)
    kmcormier@mintz.com
7   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    One Financial Center
8   Boston, MA  02111
    Telephone:  (617) 542-6000

9
    Attorneys for Plaintiff
10
                    **UNITED STATES DISTRICT COURT**
11
                   **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| PRICESMART, INC., | CASE NO. **'23 CV0568 H   WVG** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1)  Trademark Infringement; |
| PRICESMART DISTRIBUTORS LLC; | (2)  Contributory Infringement; |
| PRICESMART LLC; PRICE SMART LLC; MY | (3)  False Designation of Origin and |
| PRICESMART NJ LLC; PSMNJ LLC; PSMNY INC; | Unfair Competition |
| PRICESMART INC.; PRICESMART NORTH | (4)  Conspiracy to Commit |
| PENNSYLVANIA LLC; MY PRICESMART | Trademark Infringement |
| LIMITED PARTNERSHIP; PSMPA LLC; PSMCT | |
| LLC; JIYA INC; JIYA KRUPA INC; JIYA USA | |
| CORPORATION; JIYA GROUPS INC.; HIREN | |
| PATEL; ANKITKUMAR PATEL; PARITA PATEL; | |
| VLADIMIR VAISMAN; HARESH PATEL; | |
| NIRAVKUMAR VORA; PRITI PATEL; MITUL | |
| PATEL; HETABEN PATEL; KINJALBEN RABARI; | |
| HINO PATEL; and NATWARLAL PATEL, | |
| Defendants. | |

**NATURE AND BASIS OF ACTION**

1.    Plaintiff PriceSmart, Inc. ("Plaintiff") brings this action to put an end to Defendants' ongoing willful infringement of Plaintiff's trademark rights, which infringement now spans multiple states despite a prior agreement to cease use of Plaintiff's marks.

**PARTIES**

2.    Plaintiff is a corporation organized under the laws of Delaware with its principal place of business located at 9740 Scranton Road, Suite 125, San Diego, CA 92121.

3.    On information and belief, Defendant PriceSmart Distributors LLC is a limited liability company organized under the laws of Pennsylvania with its principal place of business located at 774 American Drive Suite B, Bensalem, Pennsylvania 19020.

4.    On information and belief, Defendant PriceSmart LLC is a limited liability company organized under the laws of New Jersey with its principal place of business located at 2500 Hamilton Boulevard, Unit B, South Plainfield, New Jersey 07080.

5.    On information and belief, Defendant Price Smart LLC is a limited liability company organized under the laws of New Jersey with its principal place of business located at 11A Jane Place, Edison, New Jersey 08820.

6.    On information and belief, Defendant My PriceSmart NJ LLC is a limited liability company organized under the laws of New Jersey with its principal place of business located at 2500 Hamilton Boulevard, Unit B, South Plainfield, New Jersey 07080.

7.    On information and belief, Defendant PSMNJ LLC is a limited liability company organized under the laws of New Jersey with its principal place of business located at 111 Snyder Rd, Unit 2, South Plainfield, New Jersey 07080.

8.    On information and belief, Defendant PSMNY Inc is a corporation organized under the laws of New York with its principal place of business located at 26 Birchwood Hills Drive, Troy, New York 12180.

9.    On information and belief, Defendant PriceSmart Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business located at 774 American Drive Suite B, Bensalem, Pennsylvania 19020.

10.     On information and belief, Defendant PriceSmart North Pennsylvania LLC is a limited liability company organized under the laws of Pennsylvania with its principal place of business located at 3599 Marshall Lane, Bensalem, Pennsylvania 19020.

11.     On information and belief, Defendant My PriceSmart Limited Partnership is a limited partnership organized under the laws of Pennsylvania with its principal place of business located at 3599 Marshall Lane, Bensalem, Pennsylvania 19020.

12.     On information and belief, Defendant PSMPA LLC is a limited liability company organized under the laws of Pennsylvania with its principal place of business located at 774 American Drive, Unit #A, Bensalem, Pennsylvania 19020.

13.     On information and belief, Defendant PSMCT LLC is a limited liability company organized under the laws of Connecticut with its principal place of business located at 2500 Hamilton Boulevard, Unit B, South Plainfield, New Jersey 07080.

14.     On information and belief, Defendant Jiya Inc is a corporation organized under the laws of New Jersey with its principal place of business located at 193 Linda Lane, Edison, New Jersey 08820.  Defendants Hino Patel and Natwaral Patel are its principals.

15.     On information and belief, Defendant Jiya Krupa Inc is a corporation organized under the laws of New Jersey with its principal place of business located at 11A Jane Place, Edison, New Jersey 08820.

16.     On information and belief, Defendant Jiya USA Corporation is a corporation organized under the laws of New Jersey with its principal place of business located at 50 Utica Road, Edison, New Jersey 08820.

17.     On information and belief, Defendant Jiya Groups Inc is a corporation organized under the laws of New Jersey with its principal place of business located at 11 Egan Street, Edison, New Jersey 08820, and is a general partner of Defendants My Pricesmart Limited Partnership, My Pricesmart CT Distributors LLC, and PSMCT LLC.

18.     On information and belief, Defendant Hiren Patel is an individual residing in New Jersey and is a principal of Defendants PriceSmart LLC, MyPriceSmart NJ LLC, My PriceSmart Limited Partnership, and PSMCT LLC.

19.     On information and belief, Defendant Ankitkumar Patel is an individual residing in New Jersey and is a principal of Defendant My PriceSmart Limited Partnership.

20.     On information and belief, Defendant Parita Patel is an individual residing in New Jersey and is a principal of Defendant Jiya Groups Inc.

21.     On information and belief, Defendant Vladimir Vaisman is an individual residing in New Jersey and is a principal of Defendant PriceSmart LLC.

22.     On information and belief, Defendant Haresh Patel is an individual residing in New Jersey and is a principal of Defendant PriceSmart LLC.

23.     On information and belief, Defendant Niravkumar Vora is an individual residing in New Jersey and is a principal of Defendant PriceSmart LLC.

24.     On information and belief, Defendant Priti Patel is an individual residing in New Jersey and is a principal of Defendant PriceSmart LLC.

25.     On information and belief, Defendant Mitul Patel is an individual residing in New Jersey and is a principal of Defendant PSMNJ LLC.

26.     On information and belief, Defendant Hetaben Patel is an individual residing in New Jersey and is a principal of Defendant PSMCT LLC.

27.     On information and belief, Defendant Kinjalben Rabari is an individual residing in New Jersey and is a principal of Defendant PSMCT LLC.

28.     On information and belief, Defendant Hino Patel is an individual residing in New Jersey and is a principal of Defendant PSMCT LLC and Jiya Inc.

29.     On information and belief, Defendant Natwarlal Patel is an individual residing in New Jersey and is a principal of Defendant PSMCT LLC and Jiya Inc.

30.     On information and belief, each of the above-named defendants (collectively, "the Defendants") is an alter ego of one or more of the other defendants.

31.     On information and belief, each of the Defendants is an active participant in the conspiracy to commit trademark infringement described herein.

**JURISDICTION AND VENUE**

32.     This Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1331 and § 1338.

33.     The Court has personal jurisdiction over Defendants because Plaintiff resides in California and Defendants have operated a website infringing Plaintiff's trademarks that is hosted by internet servers located in California, and each of the Defendants have participated in the acts complained of herein in concert with and/or at the direction of one or more of the Defendants and/or their agents.

34.     For the same reasons, venue is proper in this Court under 28 U.S. Code § 1391(b)(2)-(3).

**PLAINTIFF'S TRADEMARK RIGHTS**

35.     Plaintiff PriceSmart owns numerous membership warehouse clubs in countries around the world.

36.     Plaintiff is the registered owner of numerous federally registered trademarks for its PRICESMART marks, many of which are incontestable.

37.     Plaintiff owns (among other registrations) multiple registrations for the PRICESMART Mark bearing Reg. Nos. 6,585,998, 5,740,931, 3,104,550, 2,521,164, 2,233,036, 2,771,898, and 2,453,356 (collectively, "Plaintiff's Marks").

38.     Plaintiff's Marks cover, *inter alia*: retail store services, mail order services, and wholesale distributorship services for a wide variety of goods.

**DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S TRADEMARK RIGHTS**

39.     Defendants have a history of misappropriating Plaintiff's incontestable PRICESMART mark to offer substantially the same class of goods and services as those covered by Plaintiff's Marks.

40.     In or around November 2017, Plaintiff became aware of an unauthorized website called MyPriceSmart.com ("MPS"), which sold various retail products.

41.     MPS was hosted by internet servers located in California.

42.     MPS utilized the following infringing logo:

43.   On information and belief, one or more of the Defendants operated MPS.

44.   Like many of the other Defendants in this action, MPS's principal place of business was located 2500 Hamilton Boulevard in South Plainfield, New Jersey.

45.   On November 7, 2017, Plaintiff sent a cease-and-desist letter to MPS via email and FedEx asserting MPS's infringement of Plaintiff's Marks.

46.   Plaintiff's letter demanded that MPS cease and desist from all further use of Plaintiff's Marks.

47.   On December 11, 2017, MPS's attorney represented to Plaintiff's attorney via email that MPS would change its logo.

48.   On December 18, 2017, Plaintiff's attorney asked MPS's attorney to confirm that in addition to changing its logo, it would also be removing all references to "PriceSmart" from its website, catalogue, and marketing and promotional materials; changing its name; and transferring the MyPriceSmart.com domain name to Plaintiff.

49.   Despite repeated follow-up messages from Plaintiff's attorney, MPS continued to ignore Plaintiff's requests **_for another two years_**.

50.    Finally, on November 15, 2019, MPS's attorney told Plaintiff's attorney that MPS would "use its best efforts to immediately stop all use of PRICESMART."

51.   On December 2, 2019, MPS's attorney informed Plaintiff's attorney that MyPriceSmart.com "has been closed."

52.   In or around March 2022, one or more of the Defendants created a new website with the domain name www.pricesmartdistributors.com.

53.   The new infringing website utilized the same exact infringing logo as the one that MPS utilized on its infringing site and catalog back in 2017.

54.   A screenshot of that infringing website www.pricesmartdistributors.com follows:

1
2
3
4
5
6
7
8
9
10



11      55.     The web host took down Defendants' new infringing site in July 2022 in response to
12   a trademark infringement complaint that Plaintiff submitted.

13      56.     Defendants nevertheless continue to maintain a physical location in South Plainfield,
14   New Jersey, which uses and displays Plaintiff's Marks without Plaintiff's authorization:



15
16
17
18
19
20
21
22

23      57.     As of November 7, 2022, South Plainfield, New Jersey location was still in business
24   and answering its phone at (732) 733-2929 on that date with the phrase, "Hello, PriceSmart."

25      58.     Defendants also maintain their physical location at 774B American Drive in Bensalem,
26   PA, with infringing signage:

27
28



59.     Thus, Defendants plainly have continued to use Plaintiff's Marks in commerce in the United States without Plaintiff's permission.

60.     Plaintiff did not know back in 2017 and Defendants did not inform Plaintiff that they were operating all the other infringing businesses that are now named Defendants in this litigation.

61.     Plaintiff only learned of the scope of Defendants' infringement and conspiracy in late 2022 when it began researching the resurgence of Defendants' infringing website.

62.     On information and belief, each of the Defendants is an active participant in the conspiracy to commit trademark infringement described herein.

63.     Defendants' unauthorized use of Plaintiff's Marks in the United States is likely to cause confusion with one or more of Plaintiff's Marks.

64.     Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiff's business.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**

65.     Plaintiff incorporates all allegations in this Complaint as if fully stated in this section.

66.     Plaintiff is the owner of multiple trademarks in the United States, as set forth above.

67.     Defendants are using Plaintiff's Marks in commerce in the United States.

68.    Defendants' use of Plaintiff's Marks is in connection with goods and services that are similar to those that Plaintiff offers under Plaintiff's Marks.

69.    Such use by Defendants is without Plaintiff's authorization.

70.    Defendants' unauthorized use of Plaintiff's Marks is likely to cause confusion, deception, or mistake as to the affiliation, connection, or association of the parties or about the origin, sponsorship, or approval of Defendants' goods and services.

71.    Defendants' ongoing infringement is willful because Defendants have known of Plaintiff's trademark rights since at least November 2017.

72.    As a direct and proximate result of Defendants' acts of infringement, Plaintiff has been injured within the meaning of 15 U.S.C § 1114.

73.    Plaintiff is entitled to attorneys' fees pursuant to 15 U.S.C § 1117.

74.    Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## IN VIOLATION OF 15 U.S.C § 1125

75.    Plaintiff incorporates all allegations in this Complaint as if fully stated in this section.

76.    Defendants' actions are likely to cause confusion, mistake, and deception as to the origin, sponsorship or approval of Defendants' products, services, or commercial activities, and thus constitute false designation of origin, passing off, and unfair competition with respect to Plaintiff's Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

77.    Defendants' actions constitute proscribed acts of unfair competition.

78.    The harm of such unfair competition outweighs its utility, has the effect of confusing and deceiving consumers, and trades off the goodwill of Plaintiff.

79.    As a direct and proximate result of Defendants' willful actions, Plaintiff has suffered damages, and Defendants have enjoyed resulting profits from the confusion, in an amount to be established upon proof at trial.

80.    If Defendants' wrongful conduct is not enjoined, Plaintiff will continue to suffer irreparable harm.

81.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

### THIRD CAUSE OF ACTION
### CONTRIBUTORY TRADEMARK INFRINGEMENT

82.     Plaintiff incorporates all allegations in this Complaint as if fully stated in this section.

83.     On information and belief, each of the Defendants has knowingly induced and/or assisted the acts of direct trademark infringement complained of herein.

84.     On information and belief, one or more of the Defendants has supplied products to one or more of the other Defendants with the knowledge that the other Defendant(s) would use such products to commit the acts of direct trademark infringement complained of herein.

### FOURTH CAUSE OF ACTION
### CONSPIRACY TO COMMIT TRADEMARK INFRINGEMENT

85.     Plaintiff incorporates all allegations in this Complaint as if fully stated in this section.

86.     One or more Defendants committed acts of trademark infringement, thereby damaging Plaintiff.

87.     Each of the Defendants was aware that the other Defendants planned to commit such acts of trademark infringement.

88.     Each of the Defendants agreed with one or more of the other Defendants that such acts of trademark infringement would be committed.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court grant the following relief:

A.     Judgment in favor of Plaintiff and against Defendants on all claims;

B.     A preliminary and permanent injunction enjoining Defendants and all those acting in concert with them from directly or indirectly using Plaintiff's Marks or any designation or design so similar to Plaintiff's Marks as to be likely to cause confusion, mistake, or deception in connection with Defendants' goods and services;

C.      An order requiring Defendants to account for, and pay to Plaintiff any and all of Defendants' profits arising from the foregoing acts, and trebling such profits for payment to Plaintiff in accordance with 15 U.S.C. § 1117;

D.      An order requiring Defendants to compensate Plaintiff for its actual damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117;

E.      An order requiring Defendants to pay for corrective advertising in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117;

F.      Costs and expenses;

G.      Statutory damages as allowed by law;

H.      An order requiring Defendants to pay Plaintiff's fees and costs incurred in this action pursuant to 15 U.S.C. § 1117;

I.      Pre-judgment interest and post-judgement interest at the legally allowable rate on all amounts awarded; and

J.      Such other, different, and additional relief as the Court finds just and proper.

Dated:  March 30, 2023          MINTZ LEVIN COHN FERRIS
                          GLOVSKY AND POPEO PC


                       By:/s/ *Andrew D. Skale*
                         Andrew D. Skale
                         Samuel D. Sazer
                         Kara M. Cormier (*pro hac vice forthcoming*)

                         Attorneys for Plaintiff
                         Pricesmart, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated:  March 30, 2023            MINTZ LEVIN COHN FERRIS
                                      GLOVSKY AND POPEO PC


                             By: /s/ *Andrew D. Skale*
                                 Andrew D. Skale
                                 Samuel D. Sazer
                                 Kara M. Cormier (*pro hac vice forthcoming*)

COMPLAINT